IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| ISAAC A., by and through next friend, A.A.; ZACK B., by and through next friend, B.B.; LEON C., by and through next friend, C.C.; SAMUEL D., by and through next friend, D.D., on behalf of themselves and those similarly situated; and THE GEORGIA ADVOCACY OFFICE,<br><br>     Plaintiffs,<br><br>v.<br><br>RUSSEL CARLSON, in his official capacity as Commissioner of the Georgia Department of Community Health; KEVIN TANNER, in his official capacity as Commissioner of the Georgia Department of Behavioral Health and Developmental Disabilities; CANDACE L. BROCE, in her official capacity as Commissioner of the Georgia Department of Human Services,<br><br>     Defendants. | Civil Action No. 1:24-cv-00037-AT |

**INDIVIDUAL PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION TO FILE AND PROCEED UNDER PSEUDONYMS</u>**

# **TABLE OF CONTENTS**

**Page(s)**

CITATION OF AUTHORITY ........................................................................2

CONCLUSION .............................................................................................6

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bonner v. City of Prichard*,
661 F.2d 1206 (11th Cir.1981) (*en banc*) ...........................................................3

*Doe v. Frank*,
951 F.2d 320 (11th Cir. 1992)..............................................................................3

*Plaintiff B. v. Francis*,
631 F.3d 1310 (11th Cir. 2011)..................................................................2, 3, 4

*Roe v. Aware Women's Center for Choice, Inc.*,
253 F.3d 678 (11th Cir. 2001)...................................................................2, 3, 5

## Statutes

18 U.S. Code § 248....................................................................................................2

## Rules & Regulations

Fed. R. Civ. P. 10.............................................................................................1, 2, 7

Fed. R. Civ. P. 17(c) .................................................................................................1

## Other Authorities

https://www.samhsa.gov/data/sites/default/files/SED%20Expert%20P
anels%20Summary%20Report.pdf ...................................................................4

The Individual Plaintiffs, by and through counsel of record, and consistent with Standing Order No. 04-02,[1] respectfully request that the Court exercise its discretion and issue an Order granting an exception to Fed. R. Civ. P. 10 permitting the use of pseudonyms to identify themselves in the Complaint and in all subsequent public pleadings and documents related to this litigation.[2]

The Individual Plaintiffs submit that good cause exists for proceeding under pseudonyms in this matter.  First, the Plaintiffs are minors who are 9, 11, 14, and 15 years old.  Second, the claims in this action involve highly sensitive and personal information relating to the nature and extent of their disabilities, prior experiences of abuse and neglect, and their families' involvement with the child welfare system.  Third, Defendants are government entities who already hold detailed information about the Individual Plaintiffs and their treatment history.

---

[1] This court's Standing Order No. 04-02 directs litigants to refrain from using certain personal identifiers in electronically filed documents, including the names of minor children and, if names must be used, to rely on minor's initials.  However, in this action the use of personal initials is insufficient to protect the identity and significant privacy interests of the minor plaintiffs and their parents, particularly when paired with personal information which includes their county of residence, their mental health treatment histories, and their experiences with the child welfare system.

[2] Since they are minors, the Named Individual Plaintiffs have brought this action using next friends as permitted by Fed. R. Civ. P. 17(c).  The mother of each Individual Plaintiff is acting as next friend and has the same last name.  Thus, for the reasons discussed herein, and to adequately protect the privacy of the minor Plaintiffs, the next friends are also requesting to proceed by pseudonym.

Finally, the Individual Plaintiffs intend to negotiate a joint Protective Order

affording Defendants access to their identities and to other information necessary

for discovery in this matter, thus avoiding any prejudice which might arise from

proceeding under pseudonyms.

## CITATION OF AUTHORITY

Generally, parties must identify themselves in the pleadings of a lawsuit.

Fed. R. Civ. P. 10.  However, courts have "carved out a limited number of

exceptions to the general requirement of disclosure, which permit plaintiffs to

proceed anonymously," particularly in suits which involve information of a highly

sensitive and personal matter.  *Roe v. Aware Women's Center for Choice, Inc.,* 253

F.3d 678, 685 (11th Cir. 2001) (permitting plaintiff to proceed anonymously in an

abortion lawsuit under the Freedom of Access to Clinic Entrances Act (FACE)).

Under Eleventh Circuit precedent, a party may proceed anonymously in a

civil suit in federal court by showing that they have "a substantial privacy right

which outweighs the customary and constitutionally embedded presumption of

openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315-16

(11th Cir. 2011) (vacating and remanding denial of motion to proceed

anonymously by minor plaintiffs allegedly subjected to sexual exploitation and

involuntary participation in pornography) (quoting *Doe v. Frank*, 951 F.2d 320,

323 (11th Cir. 1992).  This analysis should involve a careful review of all the circumstances in the case, including: (1) whether the plaintiffs seeking anonymity are challenging governmental activity; (2) whether they will be required to disclose information of the utmost intimacy; and (3) whether the plaintiffs may be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution.  *Plaintiff B.*, 631 F.3d at 1316.  "Where the issues involved are matters of a sensitive and highly personal nature' ... the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'"  *Id.* at 1317-18 (quoting *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). [3]

Additionally, courts in this Circuit have considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant."  *Plaintiff B.*, at 1316 (internal citations omitted); *see also*, *Roe v. Aware Women's Center for Choice, Inc.,* 253 F.3d at 687-88 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981) and noting

---

[3] As noted in *Doe v. Frank*, 951 F.2d 320, 323, n. 2 (11th Cir. 1992), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981, in a case captioned *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

that the privacy interest of the plaintiffs, the threat of harm, and the fact that the

plaintiffs were children were factors in the *Doe* court's decision to permit them to

proceed anonymously).  Where the lower court failed to properly weigh the minor

plaintiffs' ages, the intimate nature of the information at issue, and the resulting

harm from public disclosures, this Circuit has reversed and remanded motions to

proceed by pseudonyms, observing that "[j]ustice should not carry such a high

price…."  *Plaintiff B.* at 1319.

This class action complaint arises from allegations of systemic

discrimination, including the failure of responsible government agencies to provide

and arrange necessary services for children experiencing significant mental health

conditions also known as Serious Emotional Disturbance (SED).[4]  As a result of

these failures, the Individual Plaintiffs, and the class of Children they seek to

represent, have experienced a predictable deterioration in their conditions, repeated

crises and institutionalizations, and involvement in the child welfare system.  Their

---

[4] The Substance Abuse and Mental Health Services Administration defines SED as "the presence of a diagnosable mental, behavioral, or emotional disorder that resulted in functional impairment which substantially interferes with or limits the child's role or functioning in family, school, or community activities." *See* https://www.samhsa.gov/data/sites/default/files/SED%20Expert%20Panels%20Summary%20Report.pdf.

individual treatment records contain highly sensitive and intimate information about themselves and their families, information that could subject them to retaliation, alter their future opportunities as adults, and subject them to social stigma and discrimination based on their disabilities. As a result, the Individual Plaintiffs have a significant privacy interest in preventing the public disclosure of their names.

Although the systemic allegations in this matter are of public interest and involve the conduct of government agencies, disclosure of the Individual Plaintiffs' identities, through the use of initials or otherwise, would not add any substantive value to the public's knowledge or understanding of the issues.  Further, the Defendants will not be prejudiced by allowing the use of pseudonyms.  The Individual Plaintiffs plan to disclose their identities to the Defendants pursuant to a Protective Order, which will allow for necessary discovery while protecting their privacy interests.  This Circuit has found that disclosure of the plaintiff's name to defendants for discovery purposes on condition that they did not share it with the general public is "a reasonable way to reconcile" the parties competing interests. *Roe*, 253 F.3d. at 687 (reversing district court and granting motion to proceed anonymously, noting that plaintiff's offer of disclosure and the entrance of an appropriate protective order mitigated any potential prejudice to defendants of proceeding with pseudonyms).

5

## CONCLUSION

WHEREFORE, the Individual Plaintiffs submit that good cause exists for using pseudonyms in all public pleadings and other documents in this case, and that the totality of circumstances supports the Court's exercise of its discretion in granting this exception to Fed. R. Civ. P. 10.  For these reasons, the Individual Plaintiffs pray that this Motion be granted.

Dated:  January 3, 2024

Respectfully submitted,

/s/ Devon Orland
Devon Orland
Georgia Bar No. 554301
**Georgia Advocacy Office**
One West Court Square, Suite 625
Decatur, GA 30030
Tel: (404) 885-1234
dorland@thegao.org


/s/ Michele Floyd
Michele Floyd*
Samuel Z. Hyams*
**Kilpatrick Townsend & Stockton LLP**
Two Embarcadero Center, Suite 1900
San Francisco, CA USA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
mfloyd@ktslaw.com
shyams@ktslaw.com

/s/ D. Clay Holloway
D. Clay Holloway
Georgia Bar No. 363296
James F. Bogan III
Georgia Bar No. 065220
Tamara S. Caldas
Georgia Bar No. 617053
Alfred S. Lurey
Georgia Bar No. 461500
Kathryn C. Ederle
Georgia Bar No. 940539
**Kilpatrick Townsend & Stockton LLP**
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 815-6500
Fax: (404) 815-6555
cholloway@kilpatricktownsend.com
jbogan@ktslaw.com
tcaldas@ktslaw.com
alurey@ktslaw.com
kederle@ktslaw.com

6

/s/ *M. Geron Gadd*
M. Geron Gadd*
**National Health Law Program**
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
Tel:  984) 278-7660
Fax: (919) 968-8855
gadd@healthlaw.org

Kimberly Lewis*
**National Health Law Program**
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Tel: (310) 204-6010
Fax: (213) 368-0774
lewis@healthlaw.org

/s/ *Cathy E. Costanzo*
Cathy E. Costanzo*
Kathryn L. Rucker*
Mona Igram*
**Center for Public Representation**
5 Ferry Street, Suite 314
Easthampton, MA 01027
Tel: (413) 586-6024
Fax: (413) 586-5711
ccostano@cpr-ma.org
krucker@cpr-ma.org
migram@cpr-ma.org

\* *Pro Hac Vice applications forthcoming*

/s/ *Catherine G. Lucas*
Catherine G. Lucas
Georgia Bar No. 567369
Zeke Van Keuren
Georgia Bar No. 332582
**Duane Morris LLP**
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6912
Fax: (404) 253-6901
klucas@duanemorris.com
zvankeuren@duanemorris.com

*Counsel for Plaintiffs*
*Isaac A., Zack B., Leon C., Samuel D.,*
*and the Georgia Advocacy Office*

**CERTIFICATE OF FONT**

Pursuant to N.D. Ga. Local Rule 7.1 D, I hereby certify that this document is submitted in Times New Roman 14-point type as required by N.D. Ga. Local Rule 5.1(b).

/s/ D. Clay Holloway
D. Clay Holloway

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing INDIVIDUAL PLAINTIFFS' MOTION TO FILE AND PROCEED UNDER A PSEUDONYM was electronically filed with the Clerk of Court using the CM/ECF system, and that a true and correct copy has been served upon the Defendants via United States Mail.

*/s/ D. Clay Holloway*
D. Clay Holloway