IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISAAC A., by and through next friend, A.A.; ZACK B., by and through next friend, B.B.; LEON C., by and through next friend, C.C.; SAMUEL D., by and through next friend, D.D., on behalf of themselves and those similarly situated; and THE GEORGIA ADVOCACY OFFICE, <br><br>     Plaintiffs, <br><br> v. <br><br> RUSSEL CARLSON, in his official capacity as Commissioner of the Georgia Department of Community Health; KEVIN TANNER, in his official capacity as Commissioner of the Georgia Department of Behavioral Health and Developmental Disabilities; CANDICE L. BROCE, in her official capacity as Commissioner of the Georgia Department of Human Services, <br><br>     Defendants. | Civil Action No. 1:24-CV-00037-AT |

**PROPOSED STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

Plaintiffs Isaac A., Zack B., Leon C., Samuel D., and The Georgia Advocacy Office, and Defendants Russel Carlson, Kevin Tanner, and Candice L. Broce, in their respective official capacity as Commissioners of the Georgia Departments of Community Health, Behavioral Health and Developmental Disabilities, and Human Services (collectively, the "Parties"), jointly agree and stipulate as follows:

The Parties anticipate that discovery in the above-captioned lawsuit (the "Action") will likely involve review and production of information and documents the Parties agree must be held in confidence pursuant to applicable law. Such documents and information include, but are not limited to, individually identifiable matters of a highly sensitive, personal, and intimate nature, including the mental health history of minors. Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that the Parties consent and agree to entry of this Stipulated Confidentiality Protective Order ("Protective Order"),

**IT IS HEREBY ORDERED**:

This Protective Order is subject to the Local Rules of this District, the Federal Rules of Civil Procedure, and the Orders of this Court on matters of procedure and calculation of time periods.

1.      <u>Definitions</u>. "Confidential Material" refers to information: (a) defined as "clinical records" containing mental health and developmental disabilities information in Georgia Code Ann. §§37-3-166 and 37-4-125, or substantive use

2

disorder patient records, *see* 42 C.F.R. part 2; (b) defined as "patient identifying information" in 42 C.F.R. § 2.11; (c) defined as "protected health information" in 45 C.F.R. § 160.103; (d) defined as "personally identifiable information" in 34 C.F.R. § 99.3; (e) defined as "education records" in 20 U.S.C. § 1232g; (f) protected by the Social Security Act, including § 1902(a)(7), and 42 C.F.R. §§ 431.300-307 and 45 C.F.R. § 205.50; or (g) disclosing the identity of the Named Plaintiffs and any other identifying information regarding the Named Plaintiffs, Next Friends and members of the putative class; family members, foster parents and siblings, or guardians of any such individuals; and any other natural person or legal entity that has a right to privacy or confidentiality, as codified in federal, state, or local laws. *See* Standing Order:  Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg, ECF 17, at 23 (Sec. III.f.i specifying that good cause supporting issuance of protective order generally only established where materials contain "personal identifying information").

2. <u>Purpose</u>. This Protective Order defines Confidential Material and specifies how the Parties shall maintain and handle Confidential Material when it is used for purposes of this Action. The discoverability of Confidential Material in this Action is governed by the Federal Rules of Civil Procedure and Court orders entered in this Action. Confidential Material may only be disclosed to the persons identified in Paragraph 7 and only for the limited purposes of this Action.

3.      <u>Confidential Documents and Information</u>. The Parties shall designate Confidential Material prior to disclosure to any other party by any reasonable means which puts the receiving party on notice of the confidential nature of the material, such as labeling a document "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER," by identifying Confidential Material in writing, by indicating at a deposition that information set forth therein is confidential, or by complying with the confidentiality marking protocol set forth in the Parties' forthcoming electronically stored information ("ESI") protocol in this action. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Protective Order, including in responses to discovery requests, unless the party moves for an order providing such special protection.

4.      <u>Inadvertent Disclosure of Confidential Material by Producing Party</u>. The failure to designate Confidential Material shall not, standing alone, constitute a waiver of the confidentiality of the document or information, so long as the producing party notifies opposing counsel in writing regarding the failure to designate Confidential Material within 14 days of discovering the oversight. The Parties will make a good faith effort to review the documentation in this case and make all confidentiality designations no later than 60 days prior to trial. If a party designates a document Confidential Material after it was initially produced, the

receiving party, on notification of the designation, must promptly notify individuals who have received the Confidential Material of its confidential nature, and otherwise make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Protective Order. No Party to this Protective Order shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Material even where the failure to so designate was inadvertent and where the material is subsequently designated.

5.    <u>Inadvertent Disclosure of Confidential Material by Receiving Party</u>. In the event that a person inadvertently discloses Confidential Material to a person not authorized to receive such disclosure under the provisions of this Protective Order, or in a pleading, filing, hearing, trial, or other proceeding in this action, the party responsible for having made such disclosure shall immediately (i) notify counsel for the party who produced the information that it was inadvertently disclosed (identifying it by Bates range), and to whom and when it was disclosed; (ii) attempt to reach agreement with counsel for the producing party on appropriate steps to take in response to the disclosure; (iii) procure the return of all Confidential Material from the person to whom it was made available if the producing party requests that action, or provide an attestation from the individual who received the Confidential Material that said material has been destroyed; and (iv) if on file with

the Court, immediately move to withdraw the Confidential Material and seek leave of the Court to re-file under seal, or move to have the Confidential Material sealed, or treat the information in accordance with any other agreement reached with the party who produced the information.

6.      <u>No Waiver</u>. Pursuant to Federal Rule of Evidence 502(b), the inadvertent disclosure or production of information protected in whole or in part by the attorney- client privilege, the work product doctrine, or any other privilege will not constitute a waiver of the privilege or protection by the disclosing party in this or any other proceeding. Review of any privileged, protected, immune, or confidential document or information by any party, counsel, expert, consultant, or other person after that information is disclosed in this litigation shall not constitute a waiver of the privilege, protection, immunity, or confidentiality of the document or information.

7.      <u>Non-disclosure of Confidential Material</u>. The Parties and their counsel agree not to show, discuss with, or otherwise disclose any Confidential Material produced in the course of this litigation to any person other than the following, and then only for purposes of the Action. Disclosure can be made as follows:

a.      Subject to the requirements of Paragraph 10, to the United States District Court for the Northern District of Georgia, any other court

that hears the Action, and court personnel (including any clerk, stenographer, or other person having access to any Confidential Material by virtue of their position with the court);

b.   Counsel of record for the Parties, the Parties, and the Parties' subordinate employees to the extent that disclosure is necessary to enable the Parties to assist counsel in the Action;

c.   Any employees, stenographers, or attorneys associated with counsel of record and contractors of the Parties (such as discovery vendors, printers, and copy services);

d.   Consultants to, or expert witnesses retained by, counsel of record of the Parties to whom it is necessary that the information be shown for purposes of the Action;

e.   The author of the document or any person with access to the information; or

f.   Any person from whom testimony is taken or reasonably may be taken in the litigation, including but not limited to deposition, interview, and hearing testimony, except that such a person may only be shown Confidential Material during and in preparation for their actual or potential testimony and may not retain the Confidential Material.

Notwithstanding (b), (e), and (f), personally identifiable information of unnamed class members may not be disclosed to Named Plaintiffs, Next Friends and other unnamed class members who do not otherwise have access to the information. No person receiving any Confidential Material shall reveal the information to or discuss that information with any person who is not also entitled to receive that information under the terms of this Protective Order. All persons specified in (d), (e) and (f) above shall be shown a duly executed copy of this Protective Order and shall agree to abide by the terms of this Protective Order prior to receipt of Confidential Material. Such individuals shall date and execute an Acknowledgment in the form attached hereto as Exhibit A. Confidential Material should not be publicly disclosed outside of this litigation. That said, nothing herein shall prevent a person already in receipt of, or otherwise authorized to receive, Confidential Material from using such Confidential Material as authorized under law.

8.      <u>Challenges by a Party to Designation of Confidential Material</u>. Any party may object to the designation of information as Confidential Material or to the failure to designate Confidential Material as Confidential Material by serving written notice of an objection to the producing party. The Parties shall confer in good faith in an attempt to resolve any such dispute. In conferring, the objecting party must explain the basis for its belief that the confidentiality designation was

not proper or was improperly excluded and must give the producing party an opportunity to review the subject material, to reconsider the designation or lack thereof, and, if no change in designation is offered, to explain the basis for the designation or lack thereof. If the Parties are unable to resolve the dispute without court intervention, the objecting party shall file a motion in compliance with the applicable local rules.

9.     <u>Depositions</u>. During the course of this Action, it is anticipated that the Parties may wish to depose various individuals concerning the subject matter of this Action. The Parties may designate portions of any deposition transcript containing discussion of Confidential Material as Confidential Material. Parties may designate Confidential Material in a deposition transcript at any time up to 60 days prior to trial and pursuant to the conflict resolution procedure outlined in Paragraph 8. Portions of a deposition transcript containing Confidential Material may only be filed publicly if the Confidential Material is redacted prior to filing and the filing is made subject to the provisions of Paragraph 10. Depositions containing Confidential Material shall otherwise be subject to the provisions of Paragraph 1. No objection shall be interposed at a deposition that an answer would elicit Confidential Material. Prior to being deposed on any Confidential Material, the deponent must on the record (i) be made aware of and provided a copy of this Protective Order, (ii) be informed that, as a deponent, the deponent is subject to the

terms of this Protective Order, and (iii) acknowledge he/she will not disclose any Confidential Material during the deposition unless otherwise authorized by law.

10. <u>Future Court Filings</u>. In the event a party wishes to use any Confidential Material in any affidavits, briefs, memoranda of law, or in other paper filed in court in this Action, the party shall comply with the procedures set forth in Section III.f.ii of the Standing Order: Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg governing the redaction of Confidential Material or sealing of documents for which redaction is not practicable. The Parties agree to use designated pseudonyms for the Named Plaintiffs in this Action in all pleadings, filings, hearings, or other proceedings before the Court. Subject to the rules of evidence, this Protective Order, and any other orders of the Court, Confidential Information may be used in a pleading, filing, hearing, trial, or other proceeding in this matter without filing such information under seal and without notification to the person who is the subject of that information, provided that in place of an individual's full name, the parties substitute a pseudonym or other code. Notwithstanding these requirements, the person who is the subject of the Confidential Information, or that person's legal guardian, may authorize its use for any purpose.

11. <u>Maintenance of Confidential Material</u>. All Confidential Material produced in discovery, all copies of such materials, and all summaries, extracts,

and compilations thereof that reveal Confidential Material, shall be maintained in a manner that prevents disclosure as outlined in this Protective Order. Nothing in this Protective Order shall limit a party's ability to make, for use in this Action, public compilations, summaries, analyses, and statistics derived from information designated as Confidential Material, provided the underlying Confidential Material is not disclosed to any person or entity not expressly authorized pursuant to this Protective Order and further provided that the party making such public compilations, summaries, analyses, and statistics shall ensure compliance with de-identification requirements set forth in 45 C.F.R. § 164.514(b). Public compilations, summaries, analyses, and statistics with identifying information designated as Confidential Material and included in briefs, exhibits, attachments, or otherwise filed with the Court shall be redacted or sealing sought pursuant to the procedure set forth in Section III.f.ii of the Standing Order: Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg.

12.    Subpoena or Discovery by Third Parties. Should any party bound by this Protective Order receive a subpoena, civil investigative demand, or other legal process from a third party seeking or requiring disclosure of Confidential Material from this action, that party shall provide written notice of such request to the other parties no later than seven (7) days from the date the request is received.

13.    Final Disposition of the Action. Confidential Material is to be

preserved as confidential both during and after final disposition of the Action. Within sixty (60) days after deadlines set forth in any final settlement or judicial conclusion of the Action (including any and all appeals), all confidential documents and information (including all copies made in electronic or any other form) shall be returned to the respective producing parties or producing third parties or destroyed by the recipients, consistent with federal requirements for qualified protective orders.  However, counsel of record for the Parties to this Action may retain their work product, copies of court filings, and official transcripts and exhibits, provided that any and all retained documents and information are kept confidential and, along with all other Confidential Material disclosed in this Action, continue to be treated as Confidential pursuant to this Protective Order. Notwithstanding the foregoing, unredacted documents, medical records, and other HIPAA-protected information of non-Parties shall be returned or destroyed as described above. This paragraph does not apply to confidential material filed with or provided to the Court.

14.     Disputes. Any dispute under this Protective Order shall be submitted to the Court for resolution pursuant to Section III.e of the Standing Order: Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg, provided that counsel for the Parties first make a good faith effort to resolve the matter. Except to the extent identified in Paragraphs 6 and 8, this Protective Order does not govern or resolve any dispute which may arise between

the Parties as to the permissible scope of discovery, privilege, or related matters other than the permissible dissemination and disclosure of Confidential Material produced in discovery.

15.    <u>Qualified Protective Order under HIPAA</u>. In light of the foregoing provisions, this Protective Order shall serve as a qualified protective order under HIPAA and its implementing regulations and shall serve as authorization for the Defendants and facilities licensed by the Defendants to produce documents, medical records, and other protected health care or confidential information requested in the Action.

16.    <u>Immediate Effect</u>. The Parties to this Protective Order agree that they shall be governed by the terms of this Protective Order as an agreement among themselves until such time as the Protective Order is signed and entered by the Court.


Dated this _____ day of _____ 2024.


_____

Respectfully submitted this __ day of January 2024.

/s/ Devon Orland
Devon Orland
Georgia Bar No. 554301
**Georgia Advocacy Office**
One West Court Square, Suite 625
Decatur, GA 30030
Tel: (404) 885-1234
dorland@thegao.org

/s/ M. Geron Gadd
M. Geron Gadd (pro hac vice)
**National Health Law Program**
1512 E. Franklin Street, Suite 110
Chapel Hill, NC 27514
Tel:  984) 278-7660
Fax: (919) 968-8855
gadd@healthlaw.org

Kimberly Lewis (pro hac vice)
**National Health Law Program**
3701 Wilshire Boulevard, Suite 315
Los Angeles, CA 90010
Tel: (310) 204-6010
Fax: (213) 368-0774
lewis@healthlaw.org

/s/ Cathy E. Costanzo
Cathy E. Costanzo (pro hac vice)
Kathryn L. Rucker (pro hac vice)
Mona Igram (pro hac vice)
**Center for Public Representation**
5 Ferry Street, Suite 314
Easthampton, MA 01027
Tel: (413) 586-6024
Fax: (413) 586-5711
ccostano@cpr-ma.org

/s/ Patrick Strawbridge
Patrick Strawbridge (pro hac vice)
**Consovoy McCarthy PLLC**
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com

Frank Chang (pro hac vice)
**Consovoy McCarthy PLLC**
1600 Wilson Blvd, Suite 700
Arlington, VA 22302
(703) 243-9423
frank@consovoymccarthy.com

/s/ Bryan K. Webb
Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
Bryan K. Webb
  *Deputy Attorney General*
  Georgia Bar No. 743580
**Georgia Department of Law**
40 Capitol Square SW
Atlanta, Georgia, 30334
(404) 458-3408
bwebb@law.ga.gov

14

krucker@cpr-ma.org
migram@cpr-ma.org
*/s/ D. Clay Holloway*
D. Clay Holloway
Georgia Bar No. 363296
James F. Bogan III
Georgia Bar No. 065220
Tamara S. Caldas
Georgia Bar No. 617053
Alfred S. Lurey
Georgia Bar No. 461500
Kathryn C. Ederle
Georgia Bar No. 940539
**Kilpatrick Townsend & Stockton LLP**
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 815-6500
Fax: (404) 815-6555
cholloway@kilpatricktownsend.com
jbogan@ktslaw.com
tcaldas@ktslaw.com
alurey@ktslaw.com
kederle@ktslaw.com

*/s/ Michele Floyd*
Michele Floyd (pro hac vice)
Samuel Z. Hyams (pro hac vice)
**Kilpatrick Townsend & Stockton LLP**
Two Embarcadero Center, Suite 1900
San Francisco, CA USA 94111
Tel: (415) 576-0200
Fax: (415) 576-0300
mfloyd@ktslaw.com
shyams@ktslaw.com

*/s/ Catherine G. Lucas*
Catherine G. Lucas
Georgia Bar No. 567369
Zeke Van Keuren

Georgia Bar No. 332582
**Duane Morris LLP**
1075 Peachtree Street, NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6912
Fax: (404) 253-6901
klucas@duanemorris.com
zvankeuren@duanemorris.com

*Counsel for Plaintiffs*
*Isaac A., Zack B., Leon C., Samuel D., and*
*The Georgia Advocacy Office*

## <u>CERTIFICATE OF FONT</u>

Pursuant to Northern District of Georgia Local Rule 7.1 D, I hereby certify that this document is submitted in Times New Roman 14-point type as required by N.D. Ga. Local Rule 5.1(b).

<u>/s/ *D. Clay Holloway*</u>
D. Clay Holloway

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have read the Protective Order issued by the United States District Court for the Northern District of Georgia in *Isaac A., et al. v. Carlson, et al*., No. 1:24-cv-00037-AT dated _____.  I understand the terms of the Protective Order, I agree to be fully bound by the terms of the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Northern District of Georgia for purposes of enforcing the Protective Order.  I understand that the terms of the Protective Order obligate me to use Confidential Material, including documents and information designated as confidential in this action, solely for purposes of this litigation and not to disclose any such documents or information to any other person or entity.  I understand that violation of the Protective Order is a serious offense that may result in penalties for contempt of court.

By: _____

Dated: _____

Printed Name: _____