## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ISAAC A., et al.,

Plaintiffs,

v.

RUSSEL CARLSON, et al.,

Defendants.

Civil Action No. 1:24-cv-00037-AT

## NOTICE OF SUPPLEMENTAL AUTHORITY

The Eleventh Circuit recently published a decision relevant to Defendants' pending motion to dismiss. *M.H. v. Comm'r of the Ga. Dep't of Cmty. Health*, No. 22-12071, 2024 WL 3750300 (11th Cir. Aug. 12). That case also involved a class action against DCH under the Medicaid Act and the provision of EPSDT services. *Id.* at *1-3. The plaintiffs challenged DCH's practice of reducing a patient's skilled-nursing hours after a review process. *Id.* DCH "require[d] documents to support an initial request for skilled-nursing care," including "a statement of medical necessity signed by the … treating physician." *Id.* at *2. The Court held that DCH's practices comply with the Medicaid Act. *Id.* at *1, *7-8.

The Court affirmed principles that require dismissal. "The Act requires … services to the patients only if … medically necessary." *Id.* at *5. The Act "permits states to set reasonable standards for the terms 'necessary' and 'medical necessity,'" and they "'may place appropriate limits on a service based on'" those

"criteria." *Id.* (cleaned up). While "[a] patient's treating physician … initially determines what amount of … services are medically necessary," the state (DCH) still gets to "'review'" that determination. This review has been found sufficient "even if the state does not defer to the treating physician's prescription." *Id.* at *14.

Plaintiffs fail to allege that any treating physician recommends the services as medically necessary. MTD.Br.37-43; Opp.28-32; Reply 21-25. Plaintiffs are therefore not even asking this Court to require DCH to defer to Plaintiffs' treating physicians. Instead, they are asking this Court to require DCH to defer to the Plaintiffs' *own* medical-necessity determinations.

Further, this Court cannot evaluate whether "some patients, whatever their specific conditions, have greater medical necessity than others" without physician recommendations because DCH can "draw rational distinctions" on that basis. *Id.* at *6-7. Recommendations are also needed to determine whether the services Plaintiffs seek are "require[d]" or whether DCH can instead provide *other* services that would have the same effect. *Id.* at *7. Plaintiffs' failure to allege threshold elements requires this Court to grant Defendants' motion.

Dated: August 22, 2024

Respectfully submitted,

*/s/ Bryan K. Webb*
Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
Bryan K. Webb
  *Deputy Attorney General*
  Georgia Bar No. 743580
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
bwebb@law.ga.gov

*/s/ Patrick Strawbridge*
Patrick Strawbridge*
Consovoy McCarthy PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

Frank H. Chang*
C'Zar Bernstein*
Consovoy McCarthy PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
frank@consovoymccarthy.com
czar@consovoymccarthy.com
*pro hac vice*

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I filed this document through the CM/ECF system.

*/s/ Patrick Strawbridge*